UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
:
HILDA R. MUINOS,                              :     Index No. 08-cv-0271
                                              :
                    Plaintiff,                :
     v.                                       :
                                              :     ANSWER TO
                                              :     COMPLAINT OF
THOMAS NELSON, INC.                           :     DEFENDANT THOMAS
                                              :     NELSON, INC.
                    Defendant.                :
                                              :
------------------------------------------------------------------x

Defendant Thomas Nelson, Inc. ("Thomas Nelson"), by its attorneys, Davis Wright Tremaine LLP, as and for its answer to the January 14, 2008 complaint of Hilda R. Muinos (the "Complaint"), respectfully alleges as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.      To the extent the allegations in paragraph 4 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 4 are deemed allegations of fact, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.      Denies the allegations contained in paragraph 5 of the Complaint.

6.      Denies the allegations contained in paragraph 6 of the Complaint.

7. Denies the allegations contained in paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. To the extent the allegations in paragraph 8 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 8 are deemed allegations of fact, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. To the extent the allegations in paragraph 9 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 9 are deemed allegations of fact, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. To the extent the allegations in paragraph 10 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 10 are deemed allegations of fact, defendant admits that Thomas Nelson regularly supplies goods in New York and does business in the Southern District of New York, and employs an agent for service of process within New York State and in the Southern District of New York, and otherwise denies the allegations contained in paragraph 10 of the Complaint.

11. To the extent the allegations in paragraph 11 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 11 are deemed allegations of fact, defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Admits that Thomas Nelson distributed and offers for sale the books "Healthy Mother, Healthy Baby" and "Mamá Sana, Bebé Sano" (the "Books") through retail and wholesale distributors throughout the United States, including in New York, New York, and otherwise denies the allegations contained in paragraph 15 of the Complaint.

16. To the extent the allegations in paragraph 16 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 16 are deemed allegations of fact, defendant denies the allegations contained in paragraph 16 of the Complaint.

17. To the extent the allegations in paragraph 17 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 17 are deemed allegations of fact, defendant denies the allegations contained in paragraph 17 of the Complaint.

**STANDING**

18. To the extent the allegations in paragraph 18 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 18 are deemed allegations of fact, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint; to the extent the allegations refer to Certificates of Registration, defendant further refers the Court to those Certificates of Registration for a true and accurate description of the contents thereof.

**STATUTE OF LIMITATIONS**

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. To the extent the allegations in paragraph 21 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 21 are deemed allegations of fact, defendant denies that defendant infringed any of Plaintiff's rights, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

### PLAINTIFF

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

### DEFENDANT

27. Admits the truth of the allegations contained in paragraph 27 of the Complaint.

### RELATED PARTIES

28. Admits that Grupo Nelson is a Spanish-language division of Thomas Nelson, Inc. and that Grupo Nelson published the book "Mamá Sana, Bebé Sano," and otherwise denies the allegations contained in paragraph 28 of the Complaint.

29. Admits the truth of the allegations contained in paragraph 29 of the Complaint; to the extent the allegations refer to Thomas Nelson's press release, defendant further refers the Court to that press release for a true and accurate description of the contents thereof.

30. Admits that Rutledge Hill Press is a division of Thomas Nelson, Inc. and that Rutledge Hill Press published the book "Healthy Mother, Healthy Baby," and otherwise denies the allegations contained in paragraph 30 of the Complaint.

31. Admits the truth of the allegations contained in paragraph 31 of the Complaint.

32. Admits that Aida T. Magdaluyo is the person credited as the illustrator of the Books, denies that either book infringes any rights of Plaintiff, and denies knowledge or information sufficient to form a belief as to the residence of Magdaluyo.

33. Admits the truth of the allegations contained in paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

## FACTUAL ALLEGATIONS

### The First Authorized Book

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint; to the extent the allegations refer to Plaintiff's invoice, defendant further refers the Court to that invoice for a true and accurate description of the contents thereof.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint; to the extent the allegations refer to

Plaintiff's invoice, defendant further refers the Court to that invoice for a true and accurate description of the contents thereof.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint; to the extent the allegations refer to Plaintiff's invoice, defendant further refers the Court to that invoice for a true and accurate description of the contents thereof.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint; to the extent the allegations refer to a 1999 agreement, defendant further refers the Court to that agreement for a true and accurate description of the contents thereof.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint; to the extent the allegations refer to a 1999 agreement, defendant further refers the Court to that agreement for a true and accurate description of the contents thereof.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint; to the extent the allegations refer to a 1999 agreement, defendant further refers the Court to that agreement for a true and accurate description of the contents thereof.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Denies that Thomas Nelson infringed any of plaintiff's alleged copyrights and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint; to the extent the allegations refer to any Works, defendant further refers the Court to those Works for a true and accurate description of the contents thereof.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint; to the extent the allegations refer to a copyright application, defendant further refers the Court to that application for a true and accurate description of the contents thereof.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint; to the extent the allegations refer to a copyright registration, defendant further refers the Court to that registration for a true and accurate description of the contents thereof.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint; to the extent the allegations refer to a copyright registration, defendant further refers the Court to that registration for a true and accurate description of the contents thereof.

### THE SECOND AUTHORIZED BOOK

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint; to the extent the allegations refer to an agreement and specific pages of Exhibit B to the Complaint, defendant further refers the Court to that agreement and those pages for a true and accurate description of the contents thereof.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint; to the extent the allegations refer to a copyright registration, defendant further refers the Court to that registration for a true and accurate description of the contents thereof.

## **DEFENDANT'S PLAGIARISM AND THE INFRINGING COPIES**

54. Admits that on or about September 2006, Thomas Nelson published the books "Mamá Sana, Bebé Sano" in the Spanish language and "Healthy Mother, Healthy Baby" in the English language, denies that either book infringes any of Plaintiff's rights, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55. Admits that Thomas Nelson had no direct communications with Plaintiff with respect to the Books and otherwise denies the allegations contained in paragraph 55 of the Complaint.

56. Denies the allegations contained in paragraph 56 of the Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58. Denies the allegations contained in paragraph 58 of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. Denies the allegations contained in paragraph 60 of the Complaint.

61. Denies the allegations contained in paragraph 61 of the Complaint.

62. Denies that the Books infringes any of Plaintiff's rights and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63. Denies the allegations contained in paragraph 63 of the Complaint.

64. Denies the allegations contained in paragraph 64 of the Complaint.

65. Denies the allegations contained in paragraph 65 of the Complaint.

66. Admits that Magdaluyo is credited as the illustrator of the Books, and otherwise denies the allegations contained in paragraph 66 of the Complaint.

67. Admits that Plaintiff's name does not appear in the Books, and otherwise denies the allegations contained in paragraph 67 of the Complaint; to the extent the allegations refer to the Books, defendant further refers the Court to the Books for a true and accurate description of the contents thereof.

68. Admits that Plaintiff's name does not appear in the Books, and otherwise denies the allegations contained in paragraph 68 of the Complaint; to the extent the allegations refer to the Books, defendant further refers the Court to the Books for a true and accurate description of the contents thereof.

69. Admits that the Books do not specify copyright ownership of the illustrations, and otherwise denies the allegations contained in paragraph 69 of the Complaint; to the extent the

allegations refer to the Books, defendant further refers the Court to the Books for a true and accurate description of the contents thereof.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint; to the extent the allegations refer to any copyright registrations, defendant further refers the Court to those copyright registrations for a true and accurate description of the contents thereof.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

72. Denies the allegations contained in paragraph 72 of the Complaint.

73. Denies the allegations contained in paragraph # of the Complaint.

## MS. MUINOS OWNS VALID COPYRIGHTS IN EACH OF THE WORKS

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint; to the extent the allegations refer to any copyright registrations, defendant further refers the Court to those copyright registrations for a true and accurate description of the contents thereof.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint; to the extent the allegations refer to any copyright registrations, defendant further refers the Court to those copyright registrations for a true and accurate description of the contents thereof.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint; to the extent the allegations refer to any copyright registrations, defendant further refers the Court to those copyright registrations for a true and accurate description of the contents thereof.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint.

86. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint; to the extent the allegations refer to any

copyright registrations, defendant further refers the Court to those copyright registrations for a true and accurate description of the contents thereof.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint.

### **DEFENDANT ACTUALLY COPIED MS. MUINOS' ORIGINAL WORKS**

91.     Denies the allegations contained in paragraph 91 of the Complaint.

92.     Denies the allegations contained in paragraph 92 of the Complaint.

93.     Denies the allegations contained in paragraph 93 of the Complaint.

94.     Denies the allegations contained in paragraph 94 of the Complaint; to the extent the allegations refer to any pages of the Books, defendant further refers the Court to the Books for a true and accurate description of the contents thereof.

95.     To the extent the allegations in paragraph 95 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 95 are deemed allegations of fact, defendant denies the allegations contained in paragraph 95 of the Complaint.

96.     To the extent the allegations in paragraph 96 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 96 are deemed allegations of fact, defendant denies the allegations contained in paragraph 96 of the Complaint.

### **DEFENDANT IMPROPERLY APPROPRIATED MS. MUINOS' WORKS**

97.     Denies the allegations contained in paragraph 97 of the Complaint.

98. Denies the allegations contained in paragraph 98 of the Complaint.

99. To the extent the allegations in paragraph 99 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 99 are deemed allegations of fact, defendant denies the allegations contained in paragraph 99 of the Complaint.

100. To the extent the allegations in paragraph 100 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 100 are deemed allegations of fact, defendant denies the allegations contained in paragraph 100 of the Complaint.

101. To the extent the allegations in paragraph 101 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 101 are deemed allegations of fact, defendant denies the allegations contained in paragraph 101 of the Complaint.

## DEFENDANT'S INFRINGEMENT WAS WILLFUL

102. Denies the allegations contained in paragraph 102 of the Complaint.

103. Admits that Avon and HarperCollins were acknowledged in the Books and that Plaintiff's name does not appear in the Books and otherwise denies the allegations contained in paragraph 103 of the Complaint.

104. Denies the allegations contained in paragraph 104 of the Complaint.

105. To the extent the allegations in paragraph 105 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 105 are deemed allegations of fact, defendant denies the allegations contained in paragraph 105 of the Complaint.

106. To the extent the allegations in paragraph 106 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 106 are deemed allegations of fact, defendant denies the allegations contained in paragraph 106 of the Complaint.

## DEFENDANT WILLFULLY INFRINGED TWENTY-NINE (29) SEPARATE WORKS

107. Denies that Thomas Nelson made unauthorized use of Ms. Muinos' works and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint.

108. To the extent the allegations in paragraph 108 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 108 are deemed allegations of fact, defendant denies that Thomas Nelson has infringed of any of Plaintiff's rights and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint.

109. To the extent the allegations in paragraph 109 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 109 are deemed allegations of fact, defendant denies the allegations contained in paragraph 109 of the Complaint.

110. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint.

111. To the extent the allegations in paragraph 111 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 111 are deemed allegations of fact, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint.

112. To the extent the allegations in paragraph 112 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 112 are deemed allegations of fact, defendant denies the allegations contained in paragraph 112 of the Complaint.

**DEFENDANT CONTINUES TO INFRINGE**

113. Denies the allegations contained in paragraph 113 of the Complaint.

114. Denies the allegations contained in paragraph 114 of the Complaint.

115. Denies the allegations contained in paragraph 115 of the Complaint.

## CLAIMS

### Claim 1 – Direct Copyright Infringement

116. For its answer to paragraph 116 of the Complaint, repeats and realleges the responses contained in paragraphs 1 through 115 hereof respectively as it fully set forth hereat.

117. To the extent the allegations in paragraph 117 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 117 are deemed allegations of fact, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint.

118. To the extent the allegations in paragraph 118 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 118 are deemed allegations of fact, defendant denies the allegations contained in paragraph 118 of the Complaint.

119. To the extent the allegations in paragraph 119 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 119 are deemed allegations of fact, defendant denies the allegations contained in paragraph 119 of the Complaint.

120. To the extent the allegations in paragraph 120 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 120 are deemed allegations of fact, defendant denies the allegations contained in paragraph 120 of the Complaint.

121. To the extent the allegations in paragraph 121 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 121 are deemed allegations of fact, defendant denies the allegations contained in paragraph 121 of the Complaint.

122. To the extent the allegations in paragraph 122 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 122 are deemed allegations of fact, defendant denies the allegations contained in paragraph 122 of the Complaint.

123. To the extent the allegations in paragraph 123 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 123 are deemed allegations of fact, defendant denies the allegations contained in paragraph 123 of the Complaint.

### Claim 2 – Contributory Copyright Infringement

124. For its answer to paragraph 124 of the Complaint, repeats and realleges the responses contained in paragraphs 1 through 123 hereof respectively as it fully set forth hereat.

125. To the extent the allegations in paragraph 125 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 125 are deemed allegations of fact, defendant denies the allegations contained in paragraph 125 of the Complaint.

126. To the extent the allegations in paragraph 126 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 126 are deemed allegations of fact, defendant denies the allegations contained in paragraph 126 of the Complaint.

127. To the extent the allegations in paragraph 127 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 127 are deemed allegations of fact, defendant denies the allegations contained in paragraph 127 of the Complaint.

128. To the extent the allegations in paragraph 128 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 128 are deemed allegations of fact, defendant denies the allegations contained in paragraph 128 of the Complaint.

129. To the extent the allegations in paragraph 129 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 129 are deemed allegations of fact, defendant denies the allegations contained in paragraph 129 of the Complaint.

130. To the extent the allegations in paragraph 130 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 130 are deemed allegations of fact, defendant denies the allegations contained in paragraph 130 of the Complaint.

### Claim 3 – Vicarious Infringement

131. For its answer to paragraph 131 of the Complaint, repeats and realleges the responses contained in paragraphs 1 through 130 hereof respectively as it fully set forth hereat.

132. To the extent the allegations in paragraph 132 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 132 are deemed allegations of fact, defendant denies the allegations contained in paragraph 132 of the Complaint.

133. Denies the allegations contained in paragraph 133 of the Complaint.

134. Admits that Thomas Nelson received a portion of the purchase price of the Books and otherwise denies the allegations contained in paragraph 134 of the Complaint.

135. To the extent the allegations in paragraph 135 are allegations of law, defendant is not required to plead thereto; to the extent the allegations in paragraph 135 are deemed allegations of fact, defendant denies the allegations contained in paragraph 135 of the Complaint.

136. Denies the allegations contained in paragraph 136 of the Complaint.

137. Denies the allegations contained in paragraph 137 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

138. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

139.   Defendant is not liable because it relied reasonably on the representations of Dr. Aliza Lifshitz that she held all necessary copyrights and/or copyright licenses in the illustrations.

## THIRD AFFIRMATIVE DEFENSE

140.   The Complaint fails because defendant's actions were reasonable, justified, privileged and in good faith.

## FOURTH AFFIRMATIVE DEFENSE

141.   Plaintiff's claims are barred, in whole or in part, by the Statute of Limitations.

## FIFTH AFFIRMATIVE DEFENSE

142.   Plaintiff's claims are barred by the equitable doctrines of acquiescence, waiver, estoppel and laches.

## SIXTH AFFIRMATIVE DEFENSE

143.   Plaintiff does not hold a valid copyright in the allegedly infringed works.

## SEVENTH AFFIRMATIVE DEFENSE

144.   Any arguable similarity that may exist between plaintiff's allegedly infringed works and the illustrations in the Books consists solely of material that is not original to plaintiff and is therefore not protectible expression.

## EIGHTH AFFIRMATIVE DEFENSE

145.   Any arguable similarity that may exist between plaintiff's allegedly infringed works and the illustrations in the Books consists solely of unprotectible ideas, stock elements and *scenes à faire*, and is therefore not protectible expression.

## NINTH AFFIRMATIVE DEFENSE

146.   Any arguable similarity that may exist between plaintiff's allegedly infringed works and the illustrations in the Books consists solely of functional elements and is therefore

not protectible expression.

## TENTH AFFIRMATIVE DEFENSE

147. The illustrations in the Books are not substantially similar to any protectible elements of Plaintiff's allegedly infringed works.

## ELEVENTH AFFIRMATIVE DEFENSE

148. Assuming *arguendo* there is protectible expression in any of Plaintiff's works, any alleged similarity between such expression and the illustrations in the Books is *de minimis* and therefore non-actionable.

## TWELFTH AFFIRMATIVE DEFENSE

149. Assuming *arguendo* that Plaintiff has stated a valid claim for copyright infringement, defendant's actions were not willful.

WHEREAS, the defendant Thomas Nelson, Inc. respectfully requests that this Court dismiss the Complaint in its entirety, award costs and attorneys fees to defendants, and grant such other relief as the Court deems appropriate.

Dated: New York, New York
       March 5, 2008

DAVIS WRIGHT TREMAINE LLP

By: _____
    Lacy H. Koonce (LK 8784)
    Kevan D. Choset

    1633 Broadway
    New York, New York 10019
    (212) 489-8230

    *Attorneys for Defendant Thomas Nelson, Inc.*