UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

HILDA R. MUINOS,                                    :

                 Plaintiff,        :      Index No. 08-cv-0271

           v.                      :      J. Daniels

THOMAS NELSON, INC.,                               :

              Defendant.        :

-------------------------------------------------------------- x

 

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT THOMAS NELSON, INC.'S MOTION TO TRANSFER

 

**DAVIS WRIGHT TREMAINE LLP**
**1633 Broadway**
**New York, New York 10019**
**(212) 489-8230**

**Attorneys for Defendants**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................... ii

I.      RELEVANT FACTS ........................................................................2

II.     THE RELEVANT LAW....................................................................3

III.    ARGUMENT .................................................................................5

      1.    Convenience of witnesses .......................................................6

      2.    Convenience of the parties......................................................6

      3.    Locus of operative facts ........................................................7

      4.    Location of relevant documents and relative ease of access
          to sources of proof ..............................................................8

      5.    Availability of process to compel the attendance of unwilling
          witnesses ..........................................................................9

      6.    Forum's familiarity with the governing law .........................................9

      7.    Relative financial means of the parties ..................................9

      8.    Weight afforded plaintiff's choice of forum ........................10

      9.    Trial efficiency and the interests of justice generally ..........................10

CONCLUSION.............................................................................................11

# TABLE OF AUTHORITIES

## CASES

Page

*Animation Station, Ltd., et al. v. The Chicago Bulls LP, et al.,*
992 F. Supp. 382 (S.D.N.Y. 1998) ...............................................................4, 5

*Arrow Electronics, Inc. v. Ducommun, Inc.,* 724 F. Supp. 264
(S.D.N.Y.1989) ...........................................................................................7

*Cartier v. D & D Jewelry Imports,* 510 F. Supp.2d 344 (S.D.N.Y. 2007) ...............8, 10

*Constitution Reinsurance Corp. v. Stonewall Insurance Co.,*
872 F. Supp. 1247 (S.D.N.Y.1995)...............................................................9

*Cont'l Grain Co. v. The FBL-585,* 364 U.S. 19 (1960)................................................2

*Frame v. Whole Foods Market, Inc.,* No. 06 Civ. 7058 (DAB)
2007 WL 2815613 (S.D.N.Y. Sept. 24, 2007)....................................7, 9, 10

*Gould Paper Corp. v. Gomez,* No. 07 Civ. 6087 (DC),
2008 WL 113900 (S.D.N.Y. Jan. 11, 2008) .............................................4, 5, 6

*Jones v. GNC Franchising, Inc.,* 211 F.3d 495 (9th Cir. 2000)................................5

*Matra Et Manurhin v. International Armament Co.,*
628 F. Supp. 1532 (S.D.N.Y. 1986)...............................................................7

*In re Nematron Corp. Securities Litigation,* 30 F. Supp. 397
(S.D.N.Y. 1998) ...........................................................................................10

*Saregama India Ltd. v. Taylor,* No. 07 Civ. 7601 (VM),
2008 WL 243784 (S.D.N.Y. Jan. 28, 2008) .................................................8

*Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22 (1988).......................................4

*Student Advantage, Inc. v. International Student Exchange Cards, Inc.,*
No. 00 Civ.1971 (AGS), 2000 WL 1290585 (S.D.N.Y. Sept. 13, 2000) ................9

## Statutes and Rules

Page

28 U.S.C. § 1391(a)(1), (2)....................................................................................4

28 U.S.C. § 1404(a) ...................................................................................1, 3, 4, 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- x

HILDA R. MUINOS,                         :
                                         :
                    Plaintiff,           :        Index No. 08-cv-0271
                                         :
        v.                               :        J. Daniels
                                         :
THOMAS NELSON, INC.,                     :
                                         :
                    Defendant.           :
-------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT THOMAS NELSON, INC.'S MOTION TO TRANSFER

Defendant Thomas Nelson, Inc. ("Thomas Nelson") respectfully submits this

Memorandum of Law in support of its motion to transfer this case, pursuant to the provisions of

28 U.S.C § 1404(a), to the United States District Court for the Middle District of Tennessee, at

Nashville. This case involves a copyright dispute wherein plaintiff Hilda R. Muinos ("Plaintiff"

or "Muinos") alleges the ownership of copyrights in certain illustrations and further alleges that

Thomas Nelson infringed those illustrations in a book that it published.

It is a mystery why Plaintiff chose to bring this action in New York. Plaintiff resides in

Florida, the defendant is incorporated and has its principal place of business in Tennessee, the

author of the books in question resides in California, and the new illustrator whose illustrations

allegedly replaced Plaintiff's resides in the Philippines. All of the relevant witnesses live outside

of New York, with the likely majority of those witnesses in Tennessee, and virtually all of the

relevant evidence is either in Tennessee or in the possession of Plaintiff in Florida. Most

importantly, the locus of relevant facts is also Tennessee.

Transfer under Section 1404(a) is intended to prevent waste "of time, energy and money"

and "to protect litigants, witnesses and the public against unnecessary inconvenience and

expense." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 27 (1960). Here, that purpose clearly would be served by transferring this action to the Middle District of Tennessee.

## I.    THE RELEVANT FACTS

By way of a complaint filed in this Court on January 14, 2008 (the "Complaint"), Muinos, an illustrator, has commenced suit against Thomas Nelson in connection with the publication of two non-fiction books, "Healthy Mother, Healthy Baby" and "Mamá Sana, Bebé Sano" (the "Books"). (*See* Complaint ¶¶ 5, 54.) The two Books include virtually identical text and illustrations, but the text of the former is in English and the text of the latter is in Spanish. The author of the Books is Dr. Aliza Lifshitz, (Complaint ¶ 33), who, upon information and belief, is a resident of California (the "Author") (Affidavit of Frank Wentworth, "Wentworth Aff't" ¶ 4).

The Books are new versions of an earlier book authored by the same Author, published in 1999 by a different publisher, Avon Books (the "Original Book"). The Original Book was entitled "Mamá Sana, Bebé Sano/Healthy Mother, Healthy Baby" and was comprised of a single edition that included both English and Spanish text.   (Complaint ¶ 35.) A second edition of the Original Book was published by Avon Books' successor-in-interest, HarperCollins Publishers, in 2002. (Complaint ¶ 51.)

Plaintiff alleges that the illustrations in the new Books infringe illustrations that Plaintiff created nine years ago for the Original Book. (Complaint ¶¶ 35-42.) The illustrations in the Books were created by an illustrator who resides in the Philippines named Aida T. Magdaluyo ("Magdaluyo") (Complaint ¶¶ 5, 56), and upon information and belief were commissioned by the Author (Wentworth Aff't ¶ 4).   Thomas Nelson was not involved in selecting or retaining Ms. Magdaluyo to prepare illustrations for the Books. (Wentworth Aff't ¶ 4.) Plaintiff does not

allege that Thomas Nelson has had any contact with Plaintiff. Magdaluyo was not joined as a defendant in this action.

According to the Complaint, Plaintiff Muinos is a resident of Tampa, Florida. (Complaint ¶ 26.) Thomas Nelson is a privately held corporation, incorporated in Tennessee, with its principal place of business at Nashville, Tennessee. (Complaint ¶ 27; Wentworth Aff't, ¶ 2.) Thomas Nelson publishes many titles, but operates with a relatively small staff all located in the company's principal office in Nashville, Tennessee. (*Id.* ¶ 2.) Thomas Nelson does not maintain an office in New York; does not assign agents or employees to work regularly in New York; and does not own or possess real property in New York. (*Id.* ¶ 2.)

The process of publication, sales and distribution of the Books all originated in Tennessee. (Wentworth Aff't. ¶ 3.) The Books' acquiring editor worked in Nashville, and all production on the book was conducted in Nashville. (*Id.* ¶ 3.) Thomas Nelson dealt directly with the Books' Author, and any contract signed between Thomas Nelson and the Author was signed by Thomas Nelson in Tennessee and by Dr. Lifshitz in California. While the Books were shipped and sold nationwide, all sales originated from Thomas Nelson's warehouses in Tennessee. (*Id.* ¶ 5.) Any royalty payments to Dr. Lifshitz and any other dealings with the Author were made from or conducted by Thomas Nelson staff in Nashville. (*Id.* ¶ 6.) All relevant files and paperwork belonging to Thomas Nelson are in Nashville, Tennessee. (*Id.* ¶ 6.)

Plaintiff's Complaint charges federal copyright infringement (Claims 1-3). Accordingly, if the case were to be transferred, federal law would continue to be applied by the putative transferee court, the Middle District of Tennessee.

## II.    THE RELEVANT LAW

The federal transfer statute states, at 28 U.S.C. § 1404(a), as follows:

> For the convenience of parties and witnesses, in the interest of
> justice, a district court may transfer any civil action to any other
> district or division where it might have been brought.

The Court's inquiry on a motion to transfer is two-fold. As a threshold matter, the Court must

determine whether the proposed transferee venue is a venue where the action could have been

brought. *Gould Paper Corp. v. Gomez*, No. 07 Civ. 6087(DC), 2008 WL 113900, *2 (S.D.N.Y.

January 11, 2008). In this case, there can be no dispute that this action could have been brought

in the United States District Court for the Middle District of Tennessee. That court would have

subject matter jurisdiction over this federal copyright infringement suit in which both parties are

diverse, as well as personal jurisdiction over the defendant. Venue in the Middle District of

Tennessee would be proper because Thomas Nelson resides there and a "substantial part of the

events or omissions giving rise to the claim occurred" in that district. 28 U.S.C. § 1391(a)(1),

(2).

As this court explained in *Animation Station, Ltd., et al. v. The Chicago Bulls LP, et al.*,

992 F. Supp. 382 (S.D.N.Y. 1998), the next consideration is whether transfer is "warranted" for

the purposes set out in § 1404(a). This determination must be made "according to an

'individualized, case-by-case consideration of convenience and fairness,'" *Stewart Organization,*

*Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted), but the Courts in this District have

discussed a series of factors that are often relevant:

> (1) the convenience of witnesses;
>
> (2) the convenience of the parties;
>
> (3) the locus of operative facts;
>
> (4) the location of relevant documents and relative ease of access
> to sources of proof;
>
> (5) the availability of process to compel the attendance of
> unwilling witnesses;

(6) the forum's familiarity with the governing law;

(7) the relative financial means of the parties;

(8) the weight afforded plaintiff's choice of forum; and

(9) trial efficiency and the interests of justice generally.

*Gould*, 2008 WL 113900 at *2; *Animation Station*, 992 F. Supp. at 384 ("This is not to say, however, that each such factor must be accorded equal weight or that other factors may not be considered; for in the end the determination must be 'case-specific.'").

A motion for transfer lies within the broad discretion of the district court. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Here, plaintiff's choice of forum – the only factor pointing in her favor – is decisively outbalanced by the other factors. Most importantly, almost all of the potential witnesses and evidence in this case are in Tennessee or Florida; *none* are in New York. Bringing all of the witnesses and evidence to New York, which has only a tangential connection to this matter at best, would make this litigation both inconvenient and expensive.

## III.  ARGUMENT

Based on the allegations of the Complaint, this is a relatively straightforward copyright infringement action. Plaintiff claims to hold the copyright in a series of illustrations used in a bilingual book published in 1999. (Although she cannot locate a copy of the agreement with the publisher, Avon Books, she alleges that the agreement only allowed the use of her illustrations in the Original Book and "subsequent editions" of that work.) Based on this asserted copyright interest, she now sues the current publisher of new editions of the same book that were published in separate English and Spanish editions, but with new illustrations by a different artist, which Plaintiff claims are substantially similar to the original illustrations.

Although her attorney is located in New York, there are simply no other facts connecting this litigation to the instant venue. The location of her original publisher is irrelevant to the question of whether the new Books – published in Tennessee, authored by an individual in California, and illustrated by an artist in the Philippines – infringe the illustrations of an illustrator living in Florida. Further, the location of a plaintiff's attorney is given little or no weight in a Section 1404(a) analysis – otherwise plaintiffs could attempt to "forum shop" by choosing counsel in the forum where they wished to bring their case.

Weighing each of the nine factors from the *Gould* case, the Middle District of Tennessee is revealed as a more convenient forum, on balance, than is this Court, as discussed in detail below.

### 1.    Convenience of witnesses

Thomas Nelson is located in Nashville, Tennessee area, and presumably its employees or former employees will make up the bulk of the witnesses called in this action. This includes but is not limited to the acquiring editor of the Books, Larry Stone, who resides in Tennessee, and the editor who worked on the book, Jennifer Greenstein, who lived in Tennessee during the period relevant to the Complaint, and now resides in Minnesota. (Wentworth Aff't, ¶ 3.) For each of these non-party witnesses, Tennessee is more convenient than New York.

The only non-party witnesses identified in Plaintiff's Complaint – the Author, Dr. Lifshitz (in Los Angeles) and the illustrator, Ms. Magdaluyo (in the Philippines) – would have to travel substantial distances either to Tennessee or New York. There is no indication in the Complaint that New York is a more convenient venue for either of these witnesses.

### 2.    Convenience of the parties

As to the convenience of the parties themselves, of course, the Middle District of Tennessee, at Nashville is far more convenient for defendant Thomas Nelson. With respect to

Plaintiff, the distance from Tampa to Nashville is approximately 700 miles, while the distance from Tampa to New York is approximately 1150 miles. Additionally, airline scheduling information shows that very adequate service is available from Tampa, Florida to Nashville, Tennessee.

Further, this is not a case where the changing of venue to convenience one party would in turn inconvenience the other. While "a mere shifting of inconveniences is not grounds for transfer," *Arrow Electronics, Inc. v. Ducommun, Inc.,* 724 F.Supp. 264, 266 (S.D.N.Y.1989) (citations omitted), transfer of venue is appropriate where "inconvenience for the party moving for transfer could be completely eliminated without substantially adding to the non-moving party's inconvenience." *Frame v. Whole Foods Market, Inc.*, No. 06 Civ. 7058 (DAB), 2007 WL 2815613, *6 (S.D.N.Y. September 24, 2007). Here, moving the action from New York to Tennessee would diminish the distance between *both* parties and the trial court.

The Courts have repeatedly held, on the other hand, that one factor – convenience to the lawyers – should *not* be considered. "It appears that the only real convenience to plaintiffs in having this action litigated in New York is that plaintiffs' counsel is located here. The Court notes that mere inconvenience to counsel is not an appropriate factor to consider on a motion to transfer venue." *Matra Et Manurhin v. International Armament Co.*, 628 F. Supp. 1532, 1535 n.5 (S.D.N.Y. 1986) (citations omitted). While Plaintiff is free to engage the lawyer of her choosing, her desire to have a New York attorney should not move this Action to this district at the inconvenience of everyone else involved.

### 3.    Locus of operative facts

One of the key factors in determining the appropriateness of a venue is where the relevant (alleged) facts took place. Here, the operative facts are copyright ownership and the alleged

infringement.[1]  Copyright ownership is asserted by a Florida plaintiff, who asserts ownership based on federal copyright registrations.  Thus it is the location of the allegedly infringing activities that is crucial and the locus of such facts is Tennessee, where the Books were produced and published.  *See, e.g.*, *Saregama India Ltd. v. Taylor*, No. 07 Civ. 7601 (VM), 2008 WL 243784 (S.D.N.Y. January 28, 2008) (transferring venue from New York to Florida when non-New York plaintiff brought copyright infringement suit against Florida defendant who produced allegedly infringing recordings in Florida).  The recent decision in *Cartier v. D & D Jewelry Imports* is also instructive on this point: in that case, even where Cartier was a New York company, and where Cartier was able to buy defendant's infringing product in New York (via the internet), the Court found that because the locus of operative facts underlying the *alleged infringement* of Cartier's copyrights was in California, transfer of venue was appropriate.  *Id.*, 510 F.Supp.2d 344, 346-47 (S.D.N.Y. 2007).

### 4.    Location of relevant documents and relative ease of access to sources of proof

Virtually every document that might be relevant to this claim is either in Plaintiff's possession in Florida or in Thomas Nelson's offices in Tennessee.  Those documents include Plaintiff's copyright registrations, copies of the Original Book and the Books, copies of any contracts between the Author and Thomas Nelson, and all of the documents relating to production, publication, marketing and promotion of the Books.

---

[1] Although the Complaint devotes many paragraphs to the history of Plaintiff's relationship with Avon Books and its successor HarperCollins, and the publishing history of the Original Book, that history is largely if not entirely irrelevant to her current claims of infringement, because Plaintiff does not and cannot allege any connection between her former publisher and Thomas Nelson, especially as Thomas Nelson obtained its rights in the Books from the Author, not Avon Books.  Indeed, Plaintiff does not identify any causal connection whatsoever between the publication of the Original Book and her current claims of infringement.

The *only* document even mentioned in Plaintiff's Complaint that might conceivably be located in New York is a copy of her 1999 agreement with Avon. However, the reason that any such copy of that document might be needed is because Plaintiff purports to have lost her own copy of the agreement. (Complaint ¶¶ 35-36.) Nonetheless, the Courts have made clear that "access to documents and other proof is not a persuasive factor in favor of transfer *without proof that documents are particularly bulky or difficult to transport*, or proof that it is somehow a greater imposition for defendant to bring its evidence to New York than for plaintiff to bring its evidence to [the proposed transferee venue]." *Constitution Reinsurance Corp. v. Stonewall Ins. Co.*, 872 F.Supp. 1247, 1251 (S.D.N.Y.1995) (emphasis added). Certainly a single agreement – if it is ever located and if it has any relevance to this case – can easily be transported from New York to Tennessee.

**5.      Availability of process to compel the attendance of unwilling witnesses**

There is no reason to believe that either party will have difficulty serving process on any of the potential witnesses. Nonetheless, since many of the witnesses adverse to *Plaintiff* – that is, Thomas Nelson's employees – reside in Tennessee, a transfer from New York to Tennessee clearly would benefit Plaintiff.

**6.      Forum's familiarity with the governing law**

The Middle District of Tennessee is as equipped to handle a case involving the interpretation of the federal Copyright Act as is the Southern District of New York. *See, e.g., Frame,* 2007 WL 2815613 at *7 ("Clearly the Western District of Texas is just as familiar as this Court with the laws governing Plaintiff's routine copyright infringement action.")

**7.      Relative financial means of the parties**

While the relative means of the parties is generally a factor, a party arguing against a transfer "must offer documentation" showing that granting the transfer would be "unduly

burdensome." *Student Advantage, Inc. v. Int'l Student Exchange Cards, Inc.*, No. 00 Civ.1971
(AGS), 2000 WL 1290585 at *8 (S.D.N.Y. Sept. 13, 2000). Muinos would be hard-pressed to
argue that it would be more expensive for her to litigate in Tennessee than it would be to litigate
in New York. Further, as in *Frame*, "Plaintiff has demonstrated through her choice of New York
as the forum for this action that financial considerations related to litigating in a distant court are
not prohibitive." *I.*, 2007 WL 2815613 at *6. Accordingly, whatever Ms. Muinos's means, they
will not be stretched any more by litigating in Tennessee than they would be by litigating in New
York.

### 8.     Weight afforded plaintiff's choice of forum

While deference is generally given to the Plaintiff's choice of forum, cases in this district
holds that where the Plaintiff herself does not reside in the original forum and has no substantial
contacts there, that factor is greatly diminished. *See, e.g.*, *In re Nematron Corp. Secs. Litig.*, 30
F. Supp. 397, 405-406 (S.D.N.Y. 1998). Because Muinos herself does not reside in New York,
has no substantial ties to New York, and her grievance with Thomas Nelson has nothing to do
with New York, her original choice of New York should be given only *de minimus*
consideration. In this type of action, where the Plaintiff has no tie to her chosen forum, then
since "[a]ll the other factors are either neutral or favor a transfer," transfer to the Middle District
of Tennessee is merited. *Carter v. D & D Jewelry Imports*, 510 F.Supp.2d 344, 348 (S.D.N.Y.
2007).

### 9.     Trial efficiency and the interests of justice generally

With respect to judicial economy, "transferring this case ... would not cause any
prejudice to Plaintiff. Since the case is at its earliest stages, there would be little loss in judicial
economy by transferring the case." Frame, 2007 WL 2815613 at *7. Further, the interests of

justice and trial efficiency would be better served by allowing a Court close to the locus of relevant facts and witnesses to oversee this case.

## <u>CONCLUSION</u>

Based upon the relevant facts and the developed law, it is respectfully urged that transfer of this case to the United States District Court for the Middle District of Tennessee, at Nashville, would be (a) in the interests of justice, and (b) for the convenience of the witnesses and the parties, and the same is respectfully requested.

Dated: New York, New York
       March 5, 2008

                                        DAVIS WRIGHT TREMAINE LLP

                                 By: _____
                                        Lacy H. Koonce (LK 8784)
                                        Kevan D. Choset

                                        1633 Broadway
                                        New York, New York 10019
                                        (212) 489-8230

                                        *Attorneys for Defendant Thomas Nelson, Inc.*