**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------X

HILDA R. MUINOS,                                : ECF CASE

                Plaintiff,            : CASE NUMBER: 08 CV 0271

      v.                               : (G.B.D.)

THOMAS NELSON, INC.,                     : **ORAL ARGUMENT REQUESTED**

             Defendant.            :

---------------------------------------X


**MEMORANDUM OF LAW OF PLAINTIFF**
**HILDA R. MUINOS IN OPPOSITION TO MOTION OF**
**DEFENDANT THOMAS NELSON, INC. TO TRANSFER VENUE**


Andrew Vitrano (AV 9491)
VITRANO & MOSCHETTA, LLP
300 Park Avenue, 17th Floor
New York, NY 10022
Telephone: (646)290-6272
Facsimile: (212)572-6499
E-mail: andrew@vitranolaw.com

*Attorneys for Plaintiff*
*Hilda R. Muinos*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.......................................... ii

SUMMARY OF ARGUMENT........................................... 1

FACTUAL BACKGROUND........................................... 2

    The Events, Witnesses, And Documents
    Needed To Support Claims And Defenses Are In New York......2

    The Infringement Took Place In New York....................4

    Plaintiff Has Accommodations And Personal
    Connections In New York And None In Tennessee.............5

    Plaintiff Is A Mother Of Two With Limited Means And
    Defendant Is A Corporation With Much Greater Means........5

ARGUMENT..................................................... 5

A.   IN A COPYRIGHT CASE THE PARTY REQUESTING TRANSFER HAS
    A "HEAVY BURDEN" TO SHOW CLEAR AND CONVINCING EVIDENCE.... 5

B.   DEFENDANT CANNOT MEET ITS BURDEN TO TRANSFER VENUE........ 7

    1.   New York Is More Convenient For Witnesses........... 8

    2.   New York Is More Convenient For The Parties........ 11

    3.   The SDNY Is The Locus Of Operative Fact............ 12

           a.  SDNY Is The Locus Of Copyright Ownership..... 13
           b.  SDNY Is The Locus Of Copyright Infringement.. 13

    4.   Documents Located In Tennessee Are Not Needed
          By Plaintiff And Do Not Support Any Defenses....... 15

    5.   Plaintiff Needs No Witnesses From Tennessee........ 16

    6.   The U.S. District Court For The S.D.N.Y.
          Is Well Versed In The Federal Copyright Laws....... 17

    7.   Plaintiff's Financial Means Relative To Defendant's
          Renders Transfer Unduly Burdensome To Plaintiff..... 17

    8.   Plaintiff's Choice Of Venue Must Be Given Deference. 19

    9.   Transfer Would Disrupt Judicial Interests.......... 20

CONCLUSION.................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**CASES**

<u>Arrow Electronics, Inc. v. Ducommun, Inc.</u>,
  724 F. Supp. 264 (S.D.N.Y. 1989) ......................... 9, 17

<u>Capitol Records, Inc. v. Kuang Dyi Co. of RM</u>,
  No. 03 Civ. 0520 (LAP), 2004 U.S. Dist. LEXIS
  3305 (S.D.N.Y. Mar. 4, 2004) ....................... 6, 7, 8, 14

<u>Cartier v. D & D Jewelry Imports</u>,
  510 F. Supp.2d 344 (S.D.N.Y. 2007) ......................... 14

<u>Editorial Musical Latino Americana, S.A. v. Mar
  Int'l. Records, Inc.</u>,
  829 F. Supp. 62 (S.D.N.Y. 1993) ....................... 5, 7, 19

<u>Frame v. Wholefoods Market, Inc.</u>,
  No. 06 Civ. 7058 (DAB), 2007 U.S. Dist. LEXIS
  72720 (S.D.N.Y. September 24, 2007) ..................... 8, 11

<u>Gould Paper Corp. v. Gomez</u>,
  No. 07 Civ. 6087 (DC), 2008 U.S. Dist. LEXIS
  3047 (S.D.N.Y. January 11, 2008) ........................... 7

<u>Int'l Secs. Exch., LLC v. Chi. Bd. Options Exch., Inc.</u>,
  No. 07 Civ. 13445 (RMB) (THK), 2007 U.S. Dist LEXIS
  38427 (S.D.N.Y. May 24, 2007) .............................. 8

<u>ISC-Bunker Ramo Corp. v. Altech, Inc.</u>,
  765 F. Supp. 1310 (N.D.Ill. 1990) ......................... 10

<u>Island Software & Computer Svc., Inc. v. Microsoft
  Corporation</u>,
  413 F.3d 257 (2d Cir. 2005) ........................... 10, 15

<u>Lipton v. The Nature Company</u>,
  781 F. Supp. 1032 (S.D.N.Y. 1992) ..................... 6, 7, 14

<u>Microsoft Corporation v. Harmony Computers &
  Electronics, Inc.</u>,
  846 F. Supp. 208 (E.D.N.Y. 1994) ....................... 9, 16

<u>Orb Factory, Ltd. v. Design Science Toys, Ltd.</u>,
  6 F. Supp.2d 203 (S.D.N.Y. 1998) ........................... 8

**STATUTES**

17 U.S.C. § 106(3) ..................................... 10, 15

28 U.S.C. § 1400(a)..........................................6

28 U.S.C. § 1404(a)..........................................7

**RULES**

N.Y. C.P.L.R. § 302(a)(2)....................................6

## SUMMARY OF ARGUMENT

This Court should not transfer this case to the Middle District of Tennessee, because Defendant cannot meet the especially heavy burden required to transfer a copyright infringement action. Indeed, Defendant fails to present clear and convincing evidence that the Southern District of New York ("the SDNY" or "New York, New York") is an inconvenient forum.

In its Memorandum of Law in Support of Defendant Thomas Nelson Inc.'s Motion to Transfer (Defendant's "Memorandum" or "Def.'s Mem. Supp. Transf."), Defendant suggests that Plaintiff's decision to not select Tennessee as its forum is a "mystery." (Def.'s Mem. Supp. Transf. at 1). However, it then goes on to (a) name three other jurisdictions that may constitute proper venues (Id.), (b) concede that Plaintiff Hilda R. Muinos ("Plaintiff" or "Ms. Muinos") has had no contact whatsoever with Defendant or the state of Tennessee (Id. at 2-3; Answer ¶ 55), (c) admit that there is only one non-party witness (who cannot offer any relevant testimony) residing in Tennessee (Def.'s Mem. Supp. Transf. at 6), (d) ignore that the only non-party witnesses able to offer any relevant testimony needed by Defendant to support its affirmative defense all reside in the SDNY (Declaration of Hilda R. Muinos dated March 14, 2008 ("Muinos Decl.") ¶¶ 2-5; Answer ¶ 143), and (e) make its argument for transfer without knowing that Ms. Muinos has a free

place to stay and free transportation in the SDNY. (Muinos Decl. ¶ 6; Declaration of Vivian Dole-Merson dated March 14, 2008 ("Dole-Merson Decl." ¶¶ 3-4; Declaration of Mrs. Guadalupe Dole dated March 17, 2008 ("Dole Decl." ¶ 2). Clearly the only mystery is why Defendant would be inconvenienced to argue its case in New York.

## **FACTUAL BACKGROUND**

This is an action for direct, contributory, and vicarious copyright infringement under the Copyright Act. (Complaint ¶ 1).

### **The Events, Witnesses, And Documents Needed To Support Claims And Defenses Are In New York**

On or about February 19, 1999, Ms. Muinos entered into a written agreement with Avon Books ("Avon" and the "Avon Agreement") to create thirty (30) works of visual art for reproduction and distribution in the book, *Mamá Sana, Bebé Sano/Healthy Mother, Healthy Baby* (the "First Authorized Book" or "*Mamá Sana*") at Avon's principal place of business in New York, New York. (Muinos Decl. ¶ 3). The terms of the Avon Agreement granting copyright ownership of the works of art to Ms. Muinos serve as the basis of her legal action against Defendant for copyright infringement. (Complaint ¶¶ 12, 35-50). Ms. Muinos negotiated at length and executed the Avon Agreement with Anne Marie Spagnuolo ("Ms. Spagnuolo"), Avon's Executive Managing Editor, in Ms. Spagnuolo's office in New York, New York. (Muinos Decl. ¶ 3).

On or about July 1999, HarperCollins Publishers, Inc. ("HarperCollins"), whose headquarters is located in New York, New York, purchased Avon and, consequently, the Avon Agreement from the Hearst Corporation, whose principal place of business is also in New York, New York. (Complaint ¶ 34). Ms. Spagnuolo now works for HarperCollins. (Muinos Decl. ¶ 3). In 2002, as successor-in-interest to the Avon Agreement, HarperCollins published a second edition of *Mamá Sana* (the "Second Authorized Book" or "*Mamá Sana*") that remained essentially unchanged from the First Authorized Book. (Complaint ¶ 51; Def.'s Mem. Supp. Transf. at 2). In its printing, publishing, and distributing of the Second Authorized Book, HarperCollins abided by the terms of the Avon Agreement. (Complaint ¶ 52). Indeed, it printed "Illustrated by Hilda R. Muinos" on the inside cover page of the book and "Illustrations Copyright © 1999, 2002 by Hilda R. Muinos. All Rights Reserved" on the copyright notice page at the beginning of the book, as Avon was originally obligated to do under the Avon Agreement. (Complaint ¶ 52, Ex. B).

In its Memorandum, Defendant characterizes both Ms. Muinos' relationship with Avon as well as the publishing history of the books as "irrelevant." (Def.'s Mem. Supp. Transf. at 8, n.1). Yet, it is this history of respect for Ms. Muinos' copyrights and the terms of the Avon Agreement that renders Defendant's conduct so egregious. This history begs the question, 'If

HarperCollins acknowledged and respected Plaintiff's copyrights, why did the Defendant fail to do so?'  It is obvious that Defendant characterizes this factual background as "irrelevant" for the sole purpose of distracting this Court from the fact that all of the material documents and witnesses in this case are in New York, New York.

## The Infringement Took Place In New York

In September 2006, Defendant published and distributed both an English-language and a Spanish-language version of a third edition of *Mamá Sana* (the "Infringing Books"). (Complaint ¶ 54; Answer ¶ 54; Def.'s Mem. Supp. Transf. at 2).  The Infringing Books are substantively unchanged from Avon's and HarperCollins' editions.  However, Defendant replaced Ms. Muinos' thirty (30) original illustrations with illustrations by Aida T. Magdaluyo ("Magdaluyo").  Twenty-nine (29) of Magdaluyo's illustrations (the "Infringing Copies") are so substantially similar to Ms. Muinos' original twenty-nine (29) illustrations (the "Works") that the lines of the Infringing Copies, when superimposed with Ms. Muinos' Works, align with the lines of Ms. Muinos' Works with mathematical precision. (Complaint ¶ 98).

Defendant distributed the Infringing Books through bookstores located in the SDNY. (Complaint ¶¶ 15, 29-30; Answer ¶¶ 15, 29-30; Declaration of Andrew Vitrano dated March 14, 2008 ("Vitrano Decl.") ¶ 2).  On its website, Defendant lists the

bookstores in New York, New York where a customer can purchase the Infringing Books. (Vitrano Decl. ¶ 3).

## Plaintiff Has Accommodations And Personal Connections In New York And None In Tennessee

One of the reasons Ms. Muinos brought this lawsuit in the SDNY is that she is able to stay with very close personal friends in the SDNY. (Muinos Decl. ¶ 6; Dole-Merson Decl. ¶ 3-4; Dole Decl. ¶ 2).  If this action were transferred to Tennessee, Ms. Muinos would incur costs for lodging, transportation, and other expenses that she would not incur if the case were to remain in the SDNY. (Muinos Decl. ¶ 7).

## Plaintiff Is A Mother Of Two With Limited Means And Defendant Is A Corporation With Much Greater Means

Ms. Muinos a fifty-one-year-old mother of two young children. (Muinos Decl. ¶ 6). Defendant is a well-established corporation with plentiful resources. (Vitrano Decl. ¶ 4).

### ARGUMENT

### A. IN A COPYRIGHT CASE THE PARTY REQUESTING TRANSFER HAS A "HEAVY BURDEN" TO SHOW CLEAR AND CONVINCING EVIDENCE

In an action for copyright infringement, venue is controlled by Rule 1400(a) of the Federal Rules of Civil Procedure ("Rule 1400(a)"), which states that an action may be brought "where the defendant or his agent resides or may be found." Editorial Musical Latino Americana, S.A. v. Mar Int'l. Records, Inc., 829 F. Supp. 62, 66 (S.D.N.Y. 1993), cited in Capitol Records, Inc. v. Kuang Dyi Co. of RM, No. 03 Civ. 0520

(LAP), 2004 U.S. Dist. LEXIS 3305, at *2-3 (S.D.N.Y. Mar. 4, 2004); see also 28 U.S.C. § 1400(a) emphasis added. It is well-established that, for purposes of Rule 1400(a), a defendant "may be found" in any district in which he is amenable to personal jurisdiction. Id. emphasis added. Moreover, for purposes of venue under Rule 1400(a), this Court requires no more contact by a party with the SDNY than is required under N.Y. C.P.L.R. § 302(a)(2), New York's long-arm statute. Capitol Records, 2004 U.S. Dist. LEXIS 3305, at *6. It is irrelevant that a party seeking to transfer does not reside in the SDNY or that principal events giving rise to the dispute took place outside of the SDNY. Id.

Here, there is no question that Defendant is amenable to the personal jurisdiction of this Court through New York's long-arm statute, and Defendant does not dispute this Court's personal jurisdiction over it. This Court has personal jurisdiction over Defendant in the SDNY, because copyright infringement is a commercial tort that is deemed to take place at the point of consumer purchase Lipton v. The Nature Company, 781 F. Supp. 1032, 1035 (S.D.N.Y. 1992), cited in Capitol Records, 2004 U.S. Dist. LEXIS 3305, at *3, and Defendant sells the Infringing Copies to consumers through bookstores in the SDNY. (Complaint ¶ 15; Answer ¶ 15; Vitrano Decl. ¶ 2). It also maintains an agent for service of process in the SDNY. (Answer ¶

10). Clearly, the SDNY has personal jurisdiction over Defendant. Therefore, the SDNY qualifies as a proper venue as well.

Once the District Court Judge establishes that the requirements of Rule 1400(a) have been satisfied, he must then apply his discretion to a set of factors to determine whether transfer is warranted under 28 U.S.C. § 1404(a), which states:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Capitol Records, 2004 U.S. Dist. LEXIS 3305, at *8-10. However, in a copyright case, the party seeking transfer bears an especially significant and "heavy burden" to show through clear and convincing evidence that transfer is warranted. Editorial, 829 F. Supp. at 66; Capitol Records, 2004 U.S. Dist. LEXIS 3305, at *9 (quoting Lipton, 781 F. Supp. at 1036).

### B. DEFENDANT CANNOT MEET ITS BURDEN TO TRANSFER VENUE

As Defendant diligently points out in its Memorandum, this Court considers a series of factors to determine whether a party requesting transfer has met the significant and heavy burden imposed upon it to present clear and convincing evidence that the case should be transferred. Capitol Records, 2004 U.S. Dist. LEXIS 3305, at *8-10; Gould Paper Corp. v. Gomez, No. 07 Civ. 6087 (DC), 2008 U.S. Dist, LEXIS 3047, at *6-7 (S.D.N.Y. January 11, 2008). For the Court's convenience, Plaintiff addresses

each of these factors in the same order that Defendant discusses them in its Memorandum.

### 1. New York Is More Convenient For Witnesses

Although the Court need not consider each of the factors with equal weight, the convenience of non-party witnesses is generally considered the most important. Capitol Records, 2004 U.S. Dist. LEXIS 3305, at *10; Int'l Secs. Exch., LLC v. Chi. Bd. Options Exch., Inc., No. 07 Civ. 13445 (RMB) (THK), 2007 U.S. Dist LEXIS 38427, at *7-8 (S.D.N.Y. May 24, 2007). However, a party seeking transfer may not artificially inflate the number of witnesses who may be inconvenienced by listing witnesses whose testimony is not material. Frame v. Wholefoods Market, Inc., No. 06 Civ. 7058 (DAB), 2007 U.S. Dist. LEXIS 72720, at *14 (S.D.N.Y. September 24, 2007). Indeed, the Court must qualitatively evaluate the materiality of the testimony that the witnesses may provide. Id. Moreover, under this factor, the party seeking transfer is required to specify the witness' proposed testimony. Capitol Records, 2004 U.S. Dist. LEXIS 3305, at *10-11. Generalizations about the location of proposed witnesses without a specific statement regarding the nature of the witness' proposed testimony is an insufficient basis upon which to grant a change in venue. Orb Factory, Ltd. v. Design Science Toys, Ltd., 6 F. Supp.2d 203, 208-09 (S.D.N.Y. 1998), cited in Capitol Records, 2004 U.S. Dist. LEXIS 3305, at *10-11;

_Arrow Electronics, Inc. v. Ducommun, Inc._, 724 F. Supp. 264, 267 (S.D.N.Y. 1989).  Defendant has failed to meet all of these requirements.

Defendant argues that this factor weighs in its favor because its employees constitute the "bulk of the witnesses" even though Defendant has identified only one potential non-party witness, an editor by the name of Larry Stone ("Mr. Stone"), who resides in Tennessee. (Def.'s Mem. Supp. Transf. at 6; Affidavit of Frank W. Wentworth dated March 5, 2008 ("Wentworth Aff." ¶ 3). It also failed to provide a statement about Mr. Stone's proposed testimony. Id.  Nonetheless, it can easily be presumed that Mr. Stone (or any other person in Tennessee) could attest only to the representations of Aliza Lifshitz, M.D. ("Dr. Lifshitz"), the author of _Mamá Sana_, and the events surrounding the production of the Infringing Books. However, both are immaterial to Defendant's liability.

Testimony regarding Dr. Lifshitz's representations to Defendant is immaterial, because a good faith reliance on the representations of another's right to use a third person's copyrighted works (Answer ¶¶ 139-40) is not a valid defense to copyright infringement. See _Microsoft Corporation v. Harmony Computers & Electronics, Inc._, 846 F. Supp. 208, 211 (E.D.N.Y. 1994). There is no such thing as a bona fide purchase for value

in copyright law. Id. (citing ISC-Bunker Ramo Corp. v. Altech, Inc., 765 F. Supp. 1310, 1331 (N.D.Ill. 1990)).

Testimony pertaining to events surrounding the production of the Infringing Books is immaterial, because Defendant's violation of Ms. Muinos' exclusive right to distribute her Works under 17 U.S.C. § 106(3) occurred in New York, New York. It is unnecessary for Ms. Muinos to argue that Defendant's activities in Tennessee render it liable for copyright infringement, because it is well-settled that violation of the distribution right alone constitutes prima facie copyright infringement. See Island Software & Computer Svc., Inc. v. Microsoft Corporation, 413 F.3d 257, 261 (2d Cir. 2005).

Defendant suggests that Ms. Muinos would want to call Magdaluyo and Dr. Lifshitz as witnesses (Def.'s Mem. Supp. Transf. at 6). However, for the same reasons that Mr. Stone's presumed testimony would be immaterial, so would any testimony from Dr. Lifshitz. Testimony from Magdaluyo would be irrelevant, because Magdaluyo had nothing to do with Defendant's unauthorized distribution. (Wentworth Aff. ¶ 4).

Defendant fails to mention that all relevant testimony needed to support its affirmative defense (Answer ¶ 143) and disprove the validity of Ms. Muinos' copyrights (the very basis of this action) can be provided only by Ms. Spagnuolo and other individuals at HarperCollins who abided by the terms of the Avon

10

Agreement, all of whom reside in the SDNY. (Muinos Decl. ¶ 5).
Clearly, Defendant has inflated the number of witnesses who may
be inconvenienced by transfer, and has failed in its burden
under this factor.

### 2. New York Is More Convenient For The Parties

In its Memorandum, Defendant correctly recites this Court's
pronouncement, "where inconvenience for the party moving for
transfer could be completely eliminated without substantially
adding to the non-moving party's inconvenience" transfer might
be appropriate. Frame, 2007 U.S. Dist. LEXIS 72720, at *16.

Defendant argues that this factor weighs in its favor
because Ms. Muinos' residence in Florida is thirty-nine percent
(39%) geographically closer to Tennessee than it is to New York.
(Def.'s Mem. Supp. Transf. at 6-7). This mathematical difference
ignores the more practical question of whether it is easier to
arrange air transportation to an international hub such as New
York than it is to Nashville, Tennessee.  In addition, Defendant
makes its argument without the knowledge that Ms. Muinos has a
place to stay in the SDNY. Indeed, when Ms. Muinos travels to
New York, which she does regularly, she always stays with either
Ms. Vivian Dole-Merson ("Ms. Dole-Merson") at her home in
Westchester County or Mrs. Guadalupe Dole ("Mrs. Dole") at her
home in Manhattan. (Muinos Decl. ¶ 6; Dole-Merson Decl. ¶ 3-4;
Dole Decl. ¶ 2).  Defendant also does not know that Ms. Muinos

11

does not have to pay for transportation to and from the airports in New York, because Ms. Dole-Merson always drives her. (Muinos Decl. ¶ 6; Dole-Merson Decl. ¶ 3). Considering the complimentary accommodations available to Ms. Muinos in the SDNY as well as the potential added cost to Ms. Muinos for hotel accommodations, ground transportation and other expenses in Tennessee (Muinos Decl. ¶ 6), Defendant has failed to provide clear and convincing evidence that a transfer of this case to Tennessee would not substantially add to Ms. Muinos' inconvenience.

Defendant argues that an attorney's convenience should not be considered. (Def.'s Mem. Supp. Transf. at 7). However, Ms. Muinos never argued in any of her pleadings that she chose to bring this action in the SDNY because it is convenient to her attorney. She finds no need to argue it now except to state that any convenience in having her attorney in New York handle this matter is hers alone. (Muinos Decl. ¶ 8).

### 3. **The SDNY Is The Locus Of Operative Fact**

In its Memorandum, Defendant correctly states that the operative facts for consideration of proper venue surround the issues of (1) copyright ownership and (2) copyright infringement. (Def.'s Mem. Supp. Transf. at 7-8). However, the facts surrounding and supporting both the validity of Ms. Muinos' copyrights and the location of Defendant's infringement reside in the SDNY – not Tennessee.

a. <u>SDNY Is The Locus Of Copyright Ownership</u>

Defendant dismisses any consideration of New York as the locus of operative fact surrounding Ms. Muinos' copyright ownership simply because copyright ownership is a federal and not a state issue. <u>Id.</u> However, the SDNY is the place of residence of the only non-party witnesses upon which Defendant can rely to disprove the validity of Ms. Muinos' copyright ownership. (Muinos Decl. ¶¶ 2-5). Moreover, the SDNY is the location of the Avon Agreement, which is the only document upon which Defendant can rely to disprove the validity of Ms. Muinos' copyright ownership. (Muinos Decl. ¶ 4). As alleged in the Complaint, Ms. Muinos' copyright registrations constitute <u>prima facie</u> evidence of the validity of her copyright ownership, because she registered them within five years of publication. (Complaint ¶ 90). Clearly, they can be challenged only by access to people and documents in the SDNY. Without a doubt, Defendant has failed in its burden under this factor.

b. <u>SDNY Is The Locus Of Copyright Infringement</u>

Defendant argues that the place of production of the Infringing Books constitutes the location of infringement. (Def.'s Mem. Supp. Transf. at 7-8). However, this argument is contrary to well-settled law.

Copyright infringement is a commercial tort that is deemed to take place at the point of consumer purchase. <u>Capitol</u>

13

Records, 2004 U.S. Dist. Lexis 3305, at *3 (citing Lipton, 781 F. Supp. at 1035). In Capitol Records, this Court denied the defendant corporation's motion to transfer to defendant's principal place of business in California despite the fact that the defendant owned no New York place of business. Id. at *6-7, 14. The Court found among other things that, because the defendant offered the copyright-offending products for sale in New York, New York was a proper venue. Id. at *4-5. Here, like the defendant did in Capitol Records, Defendant distributed and offered for sale the Infringing Copies through bookstores in the SDNY. (Complaint ¶ 15; Answer ¶ 15; Vitrano Decl. ¶ 2).

Defendant cites Cartier v. D & D Jewelry Imports, 510 F. Supp.2d 344, 346-47 (S.D.N.Y. 2007) to argue that the place of production determines the locus of infringement. However, the facts in Cartier are clearly distinguishable from the facts here. In Cartier, this Court transferred a copyright infringement case to California because the defendant did not sell the offending products through stores in New York. It sold the offending products over the Internet and through stores located only in California. Cartier, 510 F. Supp.2d at 345. The court was forced to look to California, the place of production of the infringing product, because the only connection to New York was the designated place of shipment, which was entirely in the plaintiff's control. Id. at 346-347. Cartier is not

applicable here, because Defendant purposely availed itself of the New York market by distributing the Infringing Books through bookstores in the SDNY. (Complaint ¶ 15; Answer ¶ 15).

Ms. Muinos does not dispute that Defendant's production in Tennessee constitutes copyright infringement. However, it is well-settled that violation of the distribution right under 17 U.S.C. § 106(3) alone constitutes <u>prima facie</u> copyright infringement. <u>Island Software</u>, 413 F.3d at 261. Clearly, Defendant has failed in its burden under this factor.

### 4. Documents Located In Tennessee Are Not Needed By Plaintiff And Do Not Support Any Defenses

Defendant lists a number of documents located at Defendant's place of business in Tennessee or Ms. Muinos' residence in Florida that it claims are relevant to Ms. Muinos' cause of action. (Def.'s Mem. Supp. Transf. at 8-9). However, except for those documents belonging to Ms. Muinos, Ms. Muinos does not need any of the documents, materials or articles that Defendant lists to prove Defendant's willful copyright infringement. Moreover, all of the documents that Defendant claims are in Tennessee are irrelevant to available defenses.

Defendant claims as an affirmative defense that it relied in good faith on Dr. Lifshitz's representations that she had the right to use Ms. Muinos' Works. (Answer ¶ 139-40). However, documents pertaining to these representations are irrelevant because, as discussed above, a good faith reliance on the

representations of another's right to use a third person's copyrighted works is not a valid defense to copyright infringement. <u>See</u> <u>Microsoft</u> 846 F. Supp. at 211; <u>see also</u> <u>infra</u> Part B.4. Moreover, documents pertaining to Defendant's production in Tennessee are irrelevant because Defendant's infringement occurred in the SDNY. <u>See</u> <u>infra</u> Part B.4.

Ironically, Defendant suggests that the Avon Agreement, which are in HarperCollins' possession in the SDNY (Muinos Decl. ¶ 4), is insignificant. (Def.'s Mem. Supp. Transf. at 9). However, it is this document that Defendant needs to support its affirmative defense that Ms. Muinos' copyrights are invalid. (Answer ¶ 143). In its Answer, Defendant "denies knowledge or information sufficient to form a belief as to the [validity of Ms. Muinos' copyrights]." (Answer ¶¶ 74-90). Clearly, Defendant can only acquire information to establish its defense by analyzing the Avon Agreement in the SDNY. Without question, Defendant has failed in its burden under this factor.

### 5. <u>Plaintiff Needs No Witnesses From Tennessee</u>

Defendant argues that transfer to Tennessee would benefit Ms. Muinos because "many of the witnesses adverse to Plaintiff" reside in Tennessee. (Def.'s Mem. Supp. Transf. at 8-9). However, Defendant has attested to the Tennessee residence of only one witness who is no longer Defendant's employee. (Wentworth Aff. ¶ 3). As discussed above, this witness cannot

16

offer any relevant testimony.  See infra Part B.1. Moreover, any documentation in Tennessee pertaining to the production of the Infringing Books is also irrelevant. See infra Part B.4. Clearly, Defendant has failed in its burden under this factor.

### 6. The U.S. District Court For The S.D.N.Y. Is Well Versed In The Federal Copyright Laws

Defendant presents no argument as to why the court in Tennessee is better equipped to handle this matter.  Therefore, Defendant has failed in its burden under this factor.

### 7. Plaintiff's Financial Means Relative To Defendant's Renders Transfer Unduly Burdensome To Plaintiff

Plaintiff agrees with Defendant's recitation of the law pertaining to the shifting of inconveniences as set forth in Arrow. (Def.'s Mem. Supp. Transf. at 7).  In Arrow, this Court reiterated the well-settled rule that a mere shifting of inconvenience is not grounds for transfer. Arrow, 724 F. Supp. at 266. The relative means of the parties is yet one more factor demonstrating that a transfer of this case to Tennessee would unduly burden Plaintiff.

Defendant is a corporation that reports having six-hundred-fifty (650) employees including a resident General Counsel and two hundred-fifty million dollars ($250,000,000) in annual revenue. (Vitrano Decl. ¶ 4; Wentworth Aff. ¶ 1). It is a subsidiary of multiple parent companies and partnerships that report an additional one hundred-eighty-five million dollars

($185,000,000) in annual revenues. (Id.; Def.'s Fed. R. Civ. P. 7.1 Stmt.). As recently as June 2006, Defendant was a publicly-held company whose stock traded on the New York Stock Exchange. (Complaint ¶ 27; Answer ¶ 27). Only thirty-five percent (35%) of Defendant's employees are reported as located in Tennessee. (Vitrano Decl. ¶ 4). The rest are presumably located outside of Tennessee.  Clearly, Defendant has both the financial and human resources to attend to this case in New York, New York.

Ms. Muinos is a fifty-one-year-old mother of two young children with relatively little financial means.  (Muinos Decl. ¶ 6). One of the factors leading to her decision to bring this action in New York is the availability of a free place to stay as well as free transportation while in New York.  (Muinos Decl. ¶ 6; Dole-Merson Decl. ¶¶ 3-4; Dole Decl. ¶ 2). If this case were transferred to Tennessee, Ms. Muinos would bear a substantial financial hardship because she would have to pay for (1) hotel accommodations, (2) transportation in Tennessee, and (3) the cost of another attorney in Tennessee to serve as local counsel of record. (Muinos Decl. ¶ 7). Ms. Muinos would have to bear none of these costs if this action remains with this Court. (Muinos Decl. ¶ 6; Dole-Merson Decl. ¶¶ 3-4; Dole Decl. ¶ 2). Without a doubt, Defendant has failed to show by clear and convincing evidence that a transfer to Tennessee would not place

18

additional burdens on Ms. Muinos that she would not otherwise have to bear if this case were to remain with this Court.

### 8. **Plaintiff's Choice Of Venue Must Be Given Deference**

Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. _Editorial_, 829 F. Supp. at 66.  As explained herein, Defendant has failed to show evidence that tips the balance in its favor.

Defendant argues that deference to Ms. Muinos' choice of venue should be accorded only _de minimus_ consideration because she "does not reside in New York, has no substantial ties to New York, and her cause of action has nothing to do with New York." (Def.'s Mem. Supp. Transf. at 10).  However, as argued herein, New York is the forum where (1) the documents and witnesses needed by Defendant to support its affirmative defense (Muinos Decl. ¶¶ 2-5; Answer ¶ 143) are located or reside, (2) Ms. Muinos has free accommodations, transportation and the emotional support of close friends (Muinos Decl. ¶ 6; Dole-Merson Decl. ¶¶ 3-4; Dole Decl. ¶ 2), and (3) Defendant committed acts of copyright infringement. (Complaint ¶¶ 5-7, 15). Clearly, Ms. Muinos and this case have more than _de minimus_ ties to New York, and Defendant has failed to show by convincing evidence that Ms. Muinos' choice of venue should be disturbed.

19

**9. <u>Transfer Would Disrupt Judicial Interests</u>**

Ms. Muinos agrees with Defendant that judicial economy would be best served if this case were to be heard before a court that is close to the locus of relevant facts and witnesses. (Def.'s Mem. Supp. Transf. at 10-11). However, as argued at length herein, the testimony, documents, and events that support the basis of Ms. Muinos' cause of action as well as Defendant's affirmative defense may be found only in New York, New York. Therefore, transfer would disrupt judicial economy.

<u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to transfer this case to the Middle District of Tennessee should be denied.

Respectfully submitted,


By: <u>s/ ANDREW VITRANO</u>
Andrew Vitrano (AV 9491)

VITRANO & MOSCHETTA, LLP
300 Park Avenue, 17th Floor
New York, NY 10022
Telephone: (646)290-6272
Facsimile: (212)572-6499
E-mail: andrew@vitranolaw.com

*Attorneys for Plaintiff*
*Hilda R. Muinos*


DATED:    New York, New York
          March 18, 2008

## CERTIFICATION OF SERVICE

I, ANDREW VITRANO, HEREBY CERTIFY that on this the 18th day of March, 2008, I caused the attached Memorandum of Law of Plaintiff Hilda R. Muinos in Opposition to Motion of Defendant Thomas Nelson, Inc. to Transfer Venue and supporting declarations to be electronically served upon the following individuals through the Electronic Court Filing (ECF) system:

    Lacy H. Koonce, III (LK 8784)
    DAVIS WRIGHT TREMAINE LLP
    1633 Broadway, 27th Floor
    New York, New York 10019
    (212) 489-8230

    *Attorneys for Defendant Thomas Nelson, Inc.;* and

**I FURTHER CERTIFY** that a courtesy copy of these papers was hand-delivered to the Honorable George B. Daniels, U.S.D.J., United State Courthouse, 500 Pearl Street, Room 630 New York, New York 10007.


                          By:  s/ ANDREW VITRANO
                          Andrew Vitrano (AV 9491)

                          VITRANO & MOSCHETTA, LLP
                          300 Park Avenue, 17th Floor
                          New York, NY 10022
                          Telephone: (646)290-6272
                          Facsimile: (212)572-6499
                          E-mail: andrew@vitranolaw.com

                          *Attorneys for Plaintiff*
                          *Hilda R. Muinos*


DATED:    New York, New York
          March 18, 2008