**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------X

HILDA R. MUINOS,                              :

               Plaintiff,            : ECF CASE

      v.                              : CASE NUMBER: 08 CV 0271

THOMAS NELSON, INC.,                        : (G.B.D.)

           Defendant.              :

---------------------------------------X

## DECLARATION OF PLAINTIFF HILDA R. MUINOS
## IN OPPOSITION TO MOTION OF DEFENDANT
## THOMAS NELSON, INC. TO TRANSFER VENUE

I, Hilda R. Muinos, declare and state as follows:

1.    I am the plaintiff in the above-captioned action, and I make this Declaration in opposition to Defendant's motion to transfer this action to the Middle District of Tennessee. Except for the facts stated on information and belief, all of the facts set forth herein are known to me personally, and if called as a witness, I would testify competently to them.

2.    The validity of my copyrights in the twenty-nine works of visual art, which I alleged Thomas Nelson, Inc., to have blatantly infringed and plagiarized, is the basis of my lawsuit. Even though I have said that my three copyright registrations themselves are proof of my copyright ownership, every document and witness needed by the defendant to challenge my copyright

ownership (which the defendant does in its Answer to my Complaint) is located in Manhattan, New York. Manhattan is where I have conducted all my business in regards to the Works.

3.    In 1999, I created the Works that are the subject of this lawsuit for Avon Books, which HarperCollins Publishers subsequently acquired. I created them under the terms of a written agreement that I negotiated and signed in Anne Marie Spagnuolo's office at Avon's headquarters in Manhattan. Anne Marie was Avon's Executive Managing Editor. **Exhibit A,** which is attached, is a true and correct copy of my final invoice to Avon. The invoice states Ms. Spagnuolo's address at the time and refers to the "Agreement dated 2/19/99". Ms. Spagnuolo still works for Avon/HarperCollins. In fact, I was able to reach her voicemail at her office in Manhattan as recently as Friday, March 14, 2008.

4.    I cannot locate my copy of my agreement with Avon. However, upon information and belief, the original of the agreement is in Ms. Spagnuolo's possession or is located at Avon/HarperCollins' office in Manhattan, New York.

5.    Ms. Spagnuolo and I negotiated the terms of our agreement at length at her office in Manhattan. I specifically negotiated my retention of the copyrights to the artwork and the crediting of the illustrations to me on the cover page of the original book.

6.    I have two small children aged 7 and 10 years old who need me. If I needed to attend a trial I would probably have to go back to Tampa several times. While there are at least 11 direct flights from Tampa to NYC daily, according to the Orbitz website, there are no direct flights from Tampa to Tennessee. While a direct flight from Tampa to NYC takes approximately 2 hours and 30 minutes, a one-stop flight from Tampa to Tennessee takes on average 4 hours and 25 minutes. That is almost 2 hours more. In NYC I am fortunate enough to have a very good friend, Mrs. Vivian Merson, who always picks me up at the airport and brings me into Manhattan free of charge. Another dear personal friend, Mrs. Lupe Dole has extended an open invitation to stay with her in her Manhattan apartment free of charge whenever I need to. Mrs. Dole and I regard each other as family. This financial and emotional support was a very strong factor supporting my decision to bring this lawsuit in New York. Another factor that influenced my decision is that NYC is like a second home to me. For over 18 years I met clients and negotiated business there. I know which subways to take, where to buy food, etc. I am very familiar with Manhattan.

7.    If this case is transferred to Tennessee, I would have to pay for the cost of hotel accommodations and ground transportation because I have no personal connections in Tennessee. I would be stuck in my hotel room by myself. Since a

3

trial could go on for weeks or even months, this would be very expensive and emotionally draining. To continue to support my children I would have to take flights lasting over 4 hours back to Tampa. I also understand from speaking with my attorney that I would have to pay for the cost of another attorney located in Tennessee. This I cannot afford to do.

8.    Mr. Vitrano, my attorney in New York, has been working on a strategy to protect my intellectual property, which has accumulated over my 20 years of working in the medical illustration field, for at least three years. I trust Mr. Vitrano. He has proven himself to be a hardworking and passionate attorney. I can rely on his good judgment. It is convenient for me to have him handle this matter in New York, because he is familiar with my work and my overall situation. This together with the fact that I have a free place to stay in Manhattan, personal friends and my familiarity with the ins and outs of the City also makes New York convenient for me.

9.    I have never set foot in Tennessee. I never thought I would go there. I have never communicated with anyone in Tennessee about this lawsuit or anything leading up to it.  Nor have I ever sent anything in the mail to the defendant in Tennessee.

10. For these reasons, I respectfully request that the Court deny the Defendant's motion to transfer this case to Tennessee.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 14, 2008 at Tampa, Florida.

Respectfully submitted,

By: _____
      Hilda R. Muinos

**Exhibit A**

**Muinos Medical Visuals**     845 Boulevard East Suite #3A, Weehawken, N. J. 07087     Voice: (201) 617-8071  Fax (201) 617-0989

Date: April 17, 1999
Job No: 471
Client Job No:

INVOICE 472

CLIENT:   Anne Marie Spagnuolo
          Executive Managing Editor
          Avon Books
          1350 Avenue of the Americas
          NY, NY 10019
          voice:  (212) 261-6838
          fax: (212) 261-6895

ILLUSTRATOR: Hilda R. Muinos

PROJECT: 30 half tone computer illustrations for book "Mama Sana".

PRICE OF ART: $200. per illustration . Total: $ 6000. This invoice is for final art and is 1/3 of total,
$2000.    NOTE: $4000. was already paid on 4/14/99.

TERMS:
1) Please see Agreement dated 2/19/99.
2) Net  30 days

---

Please make out check for  $ 2000.00  to:    Hilda R. Muinos
                                              845 Blvd. East #3A
                                              Weehawken, NJ 07087