```
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
HILDA R. MUINOS,                         : ECF CASE

              Plaintiff,                 : CASE NUMBER: 08 CV 0271

      v.                                 : (G.B.D.)

THOMAS NELSON, INC.,                     : **ORAL ARGUMENT REQUESTED**

              Defendant.                 :
----------------------------------------X
```

**RESPONSIVE MEMORANDUM OF LAW OF PLAINTIFF
HILDA R. MUINOS IN FURTHER OPPOSITION TO MOTION OF
DEFENDANT THOMAS NELSON, INC. TO TRANSFER VENUE**

Andrew Vitrano (AV 9491)
VITRANO & MOSCHETTA, LLP
300 Park Avenue, 17th Floor
New York, NY 10022
Telephone: (646)290-6272
Facsimile: (212)572-6499
E-mail: andrew@vitranolaw.com

*Attorneys for Plaintiff
Hilda R. Muinos*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES........................................... i

ARGUMENT...................................................... 1

1.  Defendant Continues To Inflate The Quantity Of
    Evidence And Witnesses In Tennessee With Testimony
    And Documents That Are Immaterial To Claims Or Defenses....1

2.  Defendant Draws Attention To Tennessee By Inflating
    Alternative Theories Of Liability When Its Undisputed
    Distribution In New York Establishes Direct Infringement...3

3.  Defendant Attempts To Draw Attention To Tennessee
    By Incorrectly Assuming Plaintiff Will Elect Actual
    Damages And Profits In Lieu Of Statutory Damages...........5

CONCLUSION.................................................... 5

**TABLE OF AUTHORITIES**

**CASES**

Burch v. Nyarko, 06 Civ. 7022 (LAP)(GWG), 2007
  U.S. Dist. LEXIS 43275, at *3 (S.D.N.Y. June 15,
  2007) ............................................................. 3, 5

Frame v. Wholefoods Market, Inc., No. 06 Civ.
  7058 (DAB), 2007 U.S. Dist. LEXIS 72720, at *14
  (S.D.N.Y. September 24, 2007) ................................. 1

Fustok v. ContiCommodity Servs., Inc., 873 F.2d
  38 (2d Cir. 1991) ........................................... 3, 5

Island Software & Computer Svc., Inc. v.
  Microsoft Corporation, 413 F.3d 257 (2d Cir.
  2005) ............................................................. 1, 2, 4

Microsoft Corporation v. Harmony Computers &
  Electronics, Inc., 846 F. Supp. 208 (E.D.N.Y.
  1994) ............................................................. 3

**STATUTES**

17 U.S.C. § 504(c) ........................................... 3, 5

i

**ARGUMENT**

Defendant continues to cloud the issue of venue. It does this by further inflating its list of witnesses and evidence with testimony and documents from Tennessee that are irrelevant to the central question in this case, which is whether Defendant distributed in New York works that are substantially similar to Plaintiff's copyrighted works.[1] (Supplemental Affidavit of Frank Wentworth dated March 26, 2008 ("Wentworth Supp. Aff.") ¶¶ 2-17).  To prove this claim and defend against it, the parties require testimony or documents from New York but not Tennessee. (Memorandum of Law of Plaintiff Hilda R. Muinos in Opposition to Motion Of Defendant Thomas Nelson, Inc. to Transfer Venue ("Opposing Memorandum" or "Pl.'s Opp. Mem.") at 8-11, 15-17).

**1. Defendant Continues To Inflate The Quantity Of Evidence And Witnesses In Tennessee With Testimony And Documents That Are Immaterial To Claims Or Defenses**

In her Opposing Memorandum, Plaintiff explained why the witnesses Defendant named in its initial Memorandum of Law in Support of Defendant Thomas Nelson, Inc.'s Motion to Transfer ("Supporting Memorandum" or "Def.'s Mem. Supp. Transf.") could not offer any necessary or material testimony. (Pl.'s Opp. Mem.

---

[1] On a motion to transfer, the Court must assess the materiality of proposed testimony and other evidence to the central question of the case. Frame v. Wholefoods Market, Inc., No. 06 Civ. 7058 (DAB), 2007 U.S. Dist. LEXIS 72720, at *14 (S.D.N.Y. September 24, 2007); see also Pl.'s Opp. Mem. at 8.  Here, the central question of the case is whether Defendant distributed in New York works that are substantially similar to Plaintiff's copyrighted works, because violation of the distribution right alone is direct infringement. See Island Software & Computer Svc., Inc. v. Microsoft Corporation, 413 F.3d 257, 261 (2d Cir. 2005); see also Pl.'s Opp. Mem. at 10.

at 8-11). Yet, Defendant supplements its list with four additional witnesses who also cannot offer any testimony that is relevant to available defenses or necessary to claims. (Wentworth Supp. Aff. ¶¶ 8-9, 14).

Defendant proffers the testimony of Larry Downs and Pamela Clements, the "publishers in charge" of the offending books, to show that Defendant was unaware of Plaintiff's copyright registrations and never employed the author of the offending illustrations ("Magdaluyo"). (Wentworth Supp. Aff. ¶ 8). Both of these facts are immaterial to the central question of the case, because neither is relevant to whether Defendant distributed infringing works in New York.

Defendant also proposes the testimony of April Dupree, Defendant's royalty coordinator, to show that it never paid Magdaluyo for the offending illustrations. (Wentworth Supp. Aff. ¶ 9). This testimony is irrelevant to Defendant's unauthorized distribution in New York because the distributor need not also be the author of the infringing works in order to be liable for copyright infringement. See Island Software 413 F.3d at 261.

Defendant next offers the testimony of Troy Edens, Defendant's Controller, to show that the information pertaining to Defendant's profits from the sale of the offending books and illustrations is located in Tennessee. However, since Plaintiff has decided to elect statutory damages pursuant to 17 U.S.C. §

504(c), this information is unnecessary.  The Court can make a determination of statutory damages by conducting an inquest based on the demanding party's documentary submissions and memoranda of law without the need for an in-person hearing. See Burch v. Nyarko, 06 Civ. 7022 (LAP)(GWG), 2007 U.S. Dist. LEXIS 43275, at *3 (S.D.N.Y. June 15, 2007) (citing Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1991), cert. denied 503 U.S. 1006 (1992)).  Therefore, this witness' proposed testimony is unnecessary.

Defendant also intends to call its editor in charge of the offending books, Jennifer Greenstein, to testify that she dealt only with the author of the books and not the illustrator. (Wentworth Supp. Aff. ¶ 6).  Although her Minnesota residence renders the "convenience of the witnesses" factor a moot point, her testimony is irrelevant because a good faith reliance on the representations of another's right to use or copy a third person's copyrighted works is not a defense to direct copyright infringement. See Microsoft Corporation v. Harmony Computers & Electronics, Inc., 846 F. Supp. 208, 211 (E.D.N.Y. 1994); see also Pl.'s Opp. Mem. at 9-10, 15-16.

2. **Defendant Draws Attention To Tennessee By Inflating Alternative Theories Of Liability When Its Undisputed Distribution In New York Establishes Direct Infringement**

Defendant uses Plaintiff's alternative claims of vicarious and contributory copyright infringement, which call into

3

question Defendant's relationship with Magdaluyo, to draw attention to Tennessee despite its impending liability for <u>direct</u> infringement of plaintiff's distribution right in New York, which can be proven without any need for documents or testimony from Tennessee. (Reply Memorandum of Law in Further Support of Defendant Thomas Nelson, Inc.'s Motion to Transfer ("Def.'s Reply Mem.") at 5-6; Pl.'s Opp. Mem. at 15-17).  There is little question that Plaintiff will succeed on its claim of direct copyright infringement in New York, because infringement of a copyright holder's distribution right alone is sufficient to establish <u>prima facie</u> copyright infringement <u>see</u> <u>Island Software</u> 413 F.3d at 261, and Defendant admits to distributing the offending books and illustrations through bookstores in New York. (Answer ¶ 15).  Assuming arguendo that there is a question of fact regarding the validity of Plaintiff's copyrights, any such question could only be resolved by analyzing the documents and witnesses that support the copyrights, which are located or reside in New York. (Pl.'s Opp. Mem. at 2-3, 10-11, 16).  Assuming arguendo that there is any question of fact regarding the substantial similarity between the offending illustrations and Plaintiff's copyrighted works, any such question can be resolved by analyzing the works as they appear in the books here in New York without any need for documents or testimony located in, or emanating from, Tennessee.

4

**3. Defendant Attempts To Draw Attention To Tennessee By Incorrectly Assuming Plaintiff Will Elect Actual Damages And Profits In Lieu Of Statutory Damages**

Defendant attempts to draw attention to Defendant's financial records in Tennessee by assuming that Plaintiff will elect actual damages and profits rather than statutory damages pursuant to 17 U.S.C. § 504(c). (Def.'s Reply Mem. at 6; Wentworth Supp. Aff. ¶¶ 10-14). However, Plaintiff's election of statutory damages eliminates the need for documentation or testimony from Tennessee. As explained above, the Court can conduct an inquest into statutory damages based on documentary submissions and memoranda of law without the need for an in-person hearing. See Burch, 2007 U.S. Dist. LEXIS 43275, at *3.

## CONCLUSION

For the foregoing reasons as well as those set forth in Plaintiff's Opposing Memorandum, Defendant's motion to transfer should be denied.

                                            Respectfully submitted,

                                            By:  s/ ANDREW VITRANO
                                            Andrew Vitrano (AV 9491)

                                            VITRANO & MOSCHETTA, LLP
                                            300 Park Avenue, 17th Floor
                                            New York, NY 10022
                                            Telephone: (646)290-6272
                                            Facsimile: (212)572-6499
                                            E-mail: andrew@vitranolaw.com

                                            *Attorneys for Plaintiff Hilda R. Muinos*

New York, New York
March 31, 2008

**CERTIFICATION OF SERVICE**

    I, ANDREW VITRANO, HEREBY CERTIFY that on this the 31st day of March, 2008, I caused the attached Responsive Memorandum of Law of Plaintiff Hilda R. Muinos in Further Opposition to Motion of Defendant Thomas Nelson, Inc. to Transfer Venue to be electronically served upon the following individuals through the Electronic Court Filing (ECF) system:

    Lacy H. Koonce, III (LK 8784)
    DAVIS WRIGHT TREMAINE LLP
    1633 Broadway, 27th Floor
    New York, New York 10019
    (212) 489-8230

    *Attorneys for Defendant Thomas Nelson, Inc.;* and

    **I FURTHER CERTIFY** that a courtesy copy of these papers was hand-delivered to the Honorable George B. Daniels, U.S.D.J., United State Courthouse, 500 Pearl Street, Room 630 New York, New York 10007.

    By:  s/ ANDREW VITRANO
    Andrew Vitrano (AV 9491)

    VITRANO & MOSCHETTA, LLP
    300 Park Avenue, 17th Floor
    New York, NY 10022
    Telephone: (646)290-6272
    Facsimile: (212)572-6499
    E-mail: andrew@vitranolaw.com

    *Attorneys for Plaintiff*
    *Hilda R. Muinos*

DATED:   New York, New York
              March 31, 2008